337 S.E.2d 314

**STATE of West Virginia**

v.

**Larry Gay SIMMONS.**

No. 16608.

Supreme Court of Appeals of West Virginia.

Nov. 20, 1985.

Orville L. Hardman, Parkersburg, for appellant.

Harry G. Deitzer, Pros. Atty., Parkersburg, John Ernest Shank, Asst. Pros. Atty., for appellee.

PER CURIAM:

This is an appeal by the defendant, Larry Gay Simmons, from an order of the Circuit Court of Wood County, sentencing him to from one-to-five years in the state penitentiary for sexual abuse in the first degree. On appeal the defendant principally contends that the trial court erred in admitting evidence of unrelated sexual acts which he had committed with the victim of the alleged crime. We are of the opinion that the evidence regarding the unrelated sexual acts was inadmissible and that the trial court committed reversible error in allowing the prosecutor to present it to the jury. Accordingly, we reverse the judgment of the Circuit Court of Wood County.

The defendant was charged with sexually abusing his daughter, who was under 16 years of age, by fondling her breasts. During the trial of this case the defendant's daughter testified that while visiting her grandparents in May, 1983, her father told her to lift her shirt and take off her bra. He threatened to hit her if she failed to do so. After removing items of clothing, her father proceeded to fondle her.

Later during the trial the defendant's daughter testified that prior to moving to West Virginia she had lived in Germany, Georgia, and Oklahoma. When the prosecutor asked her whether, while living in Georgia, the defendant had done anything to her similar to that which occurred at her grandparents' house, defense counsel objected and moved that the witness' testimony be limited at that point. The objection was overruled, and the prosecutor proceeded to elicit evidence showing that the defendant had had sexual relations with his daughter in Germany, Georgia, and Oklahoma.

On appeal the defendant contends that the trial court erred in admitting evidence relating to the defendant's sexual contact with his daughter at places and times other than the place and time of the incident charged in the indictment.

In syllabus point 11 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), this Court stated a rule which it has since consistently followed in determining whether evidence of other crimes is admissible during a criminal trial. The rule, as set forth in syllabus point 11 of *Thomas*, states:

> Subject to exceptions, it is a well-established common-law rule that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged, unless such other offenses are an element of or are legally connected with the offense for which the accused is on trial.

In *State v. Harris*, 166 W.Va. 72, 272 S.E.2d 471 (1980), the Court explained that the rationale for this rule was to prevent the conviction of a defendant for one crime by use of evidence tending to show that he engaged in other legally unconnected criminal acts and to prevent the inference that because he had engaged in or may have engaged in other crimes previously he was more likely to commit the crime for which he was being charged.

In syllabus point 12 of *State v. Thomas*, *supra*, the exceptions permitting the introduction of evidence of collateral crimes under the general rule were enumerated. That point indicated that evidence of collateral crimes was admissible where it tended to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, and the identity of the person charged with the commission of the crime on trial.

In the case presently before the Court, the testimony with regard to the defendant's acts with his daughter at prior times was evidence of acts which potentially were crimes. The testimony was indefinite as to when the acts allegedly occurred, but it appears that they were somewhat remote in time since the parties were residing in different places at the times the acts occurred. Clearly, the prior acts were not a part of the sequence of events which resulted in the charges against the defendant. It does not appear that the testimony was necessary to establish motive, intent, or any of the other factors, which would bring the situation within any of the exceptions enumerated in syllabus point 12 of *Thomas*. The State in its brief argues that the evidence did tend to prove the element of forcible compulsion. There was direct evidence that the defendant threatened to hit the victim if she failed to cooperate with him during the May, 1983, incident. In view of the direct evidence, the testimony relating to prior crimes was unnecessary, and the Court is of the opinion that its prejudicial effect outweighed its

evidentiary value and that it should have been excluded.

The improper admission of evidence relating to collateral crimes has generally been held to constitute reversible error, and we find that it constituted such error in this case.

For the reason stated, the judgment of the Circuit Court of Wood County is reversed, and this case is remanded for a new trial.

Reversed and remanded.