# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0830** (Jefferson County 11-M-AP-5)

**Christopher Keller Lewis,**
**Defendant Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Lewis, by counsel S. Andrew Arnold, appeals the Circuit Court of Jefferson County's "Sentencing Order Following Bench Trial," entered on June 28, 2012, that sentenced petitioner to a term of incarceration of six months for stalking and a concurrent term of incarceration of ninety days for indecent exposure. The State, by counsel Brandon C.H. Sims, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a day-long bench trial in October of 2011, the Magistrate Court of Jefferson County convicted petitioner of one count of stalking and one count of indecent exposure. Petitioner timely appealed his conviction to the Circuit Court of Jefferson County. A de novo bench trial was held on March 23, 2012; April 10, 2012; and, April 19, 2012. Following the conclusion of the testimony of eleven witnesses, petitioner was convicted on both counts. Petitioner failed to agree to the terms and conditions of two years of supervised probation and the circuit court sentenced petitioner to a term of incarceration of six months for stalking and a concurrent term of incarceration of ninety days for indecent exposure.

Petitioner sets forth two assignments of error on appeal. Petitioner first argues that there was insufficient evidence to convict him beyond a reasonable doubt of stalking/harassment. In support of this argument, petitioner asserts that he was convicted of stalking based on a single incident of stalking and a single incident of harassment in violation of West Virginia Code § 61-2-9a. In response, the State argues that there was sufficient evidence to convict petitioner pursuant to West Virginia Code § 61-2-9a.

1

We have previously held that

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl., *State v. Maisey*, 215 W.Va. 582, 600 S.E.2d 294 (2004). Moreover, this Court has held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, in part, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011). Finally, we have held that:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012). This Court finds that after reviewing the testimony in the light most favorable to the prosecution, as we are required to do, it is clear that any rational trier of fact could have found the essential elements of petitioner's crime proved beyond a reasonable doubt. This evidence includes the victim's credible testimony as to multiple incidents in violation of West Virginia Code § 61-2-9a. We find no error by the circuit court in this regard.

Finally, petitioner argues that the circuit court committed reversible error in using a reasonable woman standard to convict petitioner. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). We find no merit in petitioner's argument. Petitioner was warned by the victim's mother not to associate with the victim for any reason and despite this warning, petitioner continued his

erratic behavior. In reviewing the record, the circuit court properly considered whether petitioner's conduct would cause a reasonable person mental injury or emotional distress after being warned not to associate with the victim and the victim's sensitivity in this regard.

For the foregoing reasons, we affirm petitioner's criminal conviction as set forth in the June 28, 2012 order of the Circuit Court of Jefferson County.

Affirmed.

**ISSUED**:  June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II