# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 12-0233** (Gilmer County 10-F-18)

**Kenneth M.,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth M.,[1] by counsel, David Karickhoff, appeals his convictions for ten felony offenses of sexual abuse by a custodian in violation of West Virginia Code § 61-8D-5(a). The State of West Virginia, by counsel, The Office of the Attorney General, filed its response. Petitioner seeks the reversal of the convictions and requests that the matter be remanded for a new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of engaging in sexual contact with W.S., petitioner's step-daughter, on ten separate occasions when she was thirteen years of age. The sexual contact is alleged to have occurred between November of 2007 and January of 2008 when petitioner was married to and resided with W.S.'s mother. When the allegations were reported to police, Trooper First Class Rob Smith gave petitioner his *Miranda* warning before obtaining a statement. Trooper Smith estimates that the interview lasted approximately one hour. During the jury trial, Trooper Smith read from the transcript of petitioner's statement during which petitioner admitted he touched W.S. in the vaginal area on two occasions while swimming but denied that the touching was sexual. However, when petitioner was asked whether he ever went into W.S.'s room and touched W.S. inappropriately, petitioner told Trooper Smith that he did not remember. During the statement, petitioner denied ever touching W.S.'s vagina when he went into her room to cover her up at night. He then contradicted himself and said that when he would go into W.S.'s room to cover her up, he had touched her vagina twice.

---

[1]Consistent with this Court's practice of protecting the identity of juveniles in sensitive matters, we identify the names of the parties and family members in this case by their initials or partial names only.

Following a jury trial, petitioner was convicted of all ten felony counts of sexual abuse by a custodian. The jury sentenced petitioner to a term of fifty to one hundred years by order entered January 9, 2012.[2] Petitioner appeals those convictions.

On appeal, petitioner asserts a single assignment of error: The evidence presented at trial was insufficient to support the convictions. In support of that contention, petitioner argues that he did not commit the crimes for which he was convicted. Petitioner argues that eight of the counts of the indictment could not have occurred as alleged because those incidents occurred when petitioner claims he was living with his mother in order to perform work on her water line. Petitioner states that he cannot read or write, and he lacks both education and sophistication. He claims that when he was interviewed by Trooper Smith, he did not fully understand that he could assert his right to remain silent or request that he have an attorney present. He argues that it was only after repeated questioning by Trooper Smith that he followed the officer's direction and told Trooper Smith what the officer wanted to hear. Petitioner contends that the State failed to prove beyond a reasonable doubt that petitioner unlawfully, knowingly, intentionally, and feloniously engaged in or attempted to engage in sexual contact with W.S. while petitioner was the custodian or in a position of trust to W.S., who was in his care, custody, or control. Petitioner also argued that W.S.'s testimony that some of the sexual contact occurred while W.S.'s younger sister was in bed with her is "inherently incredible."

The State argues that despite petitioner's assertion to the contrary, petitioner had the opportunity to sexually abuse his step-daughter, as they lived in the same house. He admitted to Trooper Smith that he touched W.S.'s vagina, including explaining that he did so at night, in her bedroom, just as she described. Petitioner's wife testified that petitioner lived with her at all times relevant to the charges, so there was no impossibility. The State asserts that the jury weighed the credibility of the witnesses and chose to believe W.S. and her mother. The State disputes petitioner's contention that there is anything "inherently incredible" about W.S.'s testimony.

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

[2]Petitioner's original petition was filed on May 9, 2012. However, because the brief lacked any citation to the record, the State filed a motion requesting that petitioner submit an appropriate amended brief. This Court then entered a scheduling order which required petitioner to submit an amended brief no later than July 30, 2012. Petitioner's amended brief was not received until August 1, 2012, but petitioner also filed a "Statement of Good Cause as to Why Brief was Untimely" stating that the brief was placed in the mail on July 27, 2012 with the belief that it would arrive no later than July 30, 2012. The amended petition was considered in its entirety.

Syl. Pt. 1, *State v. McFarland,* 228 W.Va. 492, 721 S.E.2d 62 (2011).

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *McFarland*; Syl. Pt. 7, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Further, testimony should be found inherently incredible "only when the testimony defies physical laws." *State v. McPherson*, 179 W.Va. 612, 617, 371 S.E.2d 333, 338 (W.Va. 1988). Based on the record before this Court, we find that petitioner failed to meet the heavy burden needed to establish that the evidence presented to the jury was insufficient to support his convictions. The jury made its credibility determination and found that petitioner was guilty of all charges. Therefore, viewing the evidence in the light most favorable to the prosecution, this Court finds that a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II