# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0685** (Kanawha County 05-F-241)

**John William Glaspell,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner John William Glaspell, by counsel W. Jesse Forbes, appeals his conviction as reflected in the resentencing order entered by the Circuit Court of Kanawha County on January 31, 2012. Respondent State of West Virginia, by counsel Laura Young, filed its response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

I.

Petitioner was indicted, tried, and convicted by a jury of malicious assault for striking David Leonard in the face. The attack occurred in April of 2004, and petitioner was indicted during the May of 2005 term of court. On or about July 28, 2005, the State moved to continue the trial date to accommodate a trip that was previously scheduled by Mr. Leonard. On January 23, 2006, the State again moved to continue the trial on the basis that Mr. Leonard had moved to Florida and refused to voluntarily return for the trial. The trial was continued, and Mr. Leonard testified during the trial in April of 2006.

According to petitioner's testimony, two men, Mr. McClaskie and Mr. McKinnon, were involved in an altercation when Mr. Leonard grabbed Mr. McClaskie's jacket. Petitioner claims that he struck Mr. Leonard in order to free Mr. McClaskie from the other men. However, Mr. Leonard testified that as he was walking to his car with Mr. McKinnon, two men approached them and he was struck on the right side of his face without any provocation. He lost consciousness, and when he awoke, he was in pain and unable to walk. He was transported to the hospital by ambulance where he underwent surgery for a broken zygomatic arch (i.e. cheekbone); he then had to wear a face splint, attached by stitching it to his gums. He also had to wear a cast on his ankle due to an ankle fracture. As a result, he missed a trip to Prague and had to go on disability. Mr. Leonard's friend, Mr. McKinnon, testified that shortly after the attack, petitioner made a motion as if he were putting a clip in a gun and pulling back the slide.

1

Following the jury's verdict finding petitioner guilty of malicious assault, the State filed an information pursuant to West Virginia Code § 61-11-18(c) charging petitioner as a recidivist. The charges set forth in that information were the following: a conviction in the Southern District of West Virginia for the federal felony offense of being a felon in possession of a firearm, a felony conviction in state court for obtaining under false pretenses, a felony conviction in state court for child neglect, and a felony conviction in state court for daytime burglary. On April 21, 2009, petitioner signed a letter plea agreement with the Office of the Prosecuting Attorney for Kanawha County admitting that he had been previously convicted of the federal felony of felon in possession of a firearm and the felony offense of daytime burglary. In that plea agreement, petitioner agreed that the two convictions were sufficient for the circuit court to impose a life recidivist sentence. In return for the plea of guilty, the prosecutor's office agreed not to oppose petitioner's request for parole after the service of fifteen years.

On May 1, 2006, the circuit court held in abeyance petitioner's motion for post-trial bail. In that order, the court denied petitioner's motion for judgment notwithstanding the verdict and motion for a new trial. The trial court addressed each of the grounds for petitioner's motions: a) the verdict was contrary to the weight of the evidence; b) alleged error created by the State's statement regarding petitioner being guilty for the injuries; c) the allegedly nonresponsive statement of witness Jamie Smith that was not objected to by petitioner's trial counsel, d) the admission of evidence of petitioner's training in boxing and physical culture; and e) the admission of flight evidence that was requested by petitioner. On August 10, 2010, the circuit court denied petitioner's motion for reduction of sentence or alternative sentence. On January 31, 2012, the Circuit Court of Kanawha County entered a resentencing order for the purpose of restarting the time period in which petitioner may appeal his conviction and/or sentence in this proceeding.

II.

Petitioner's first assignment of error is his contention that the circuit court committed reversible error in finding that petitioner's federal conviction in 1998 of the offense of felon in possession of a firearm constituted a predicate felony offense for purposes of imposing the recidivist sentence. Petitioner argues that at the time he was convicted of that federal offense, the same offense would have been classified as a misdemeanor under West Virginia Code § 61-7-7(b)(2). The State contends that petitioner waived or forfeited his right to raise this argument on appeal because he voluntarily entered into the recidivist plea agreement without raising this issue below. In addition, the State contends it is clear from the record that petitioner has been convicted of the requisite number of felonies for the recidivist information, as petitioner had been convicted of three felonies under state law. "Petitioner effectively waived or forfeited his right to appeal by failing to enter a conditional guilty plea or otherwise preserve the matter for review by seeking a writ of prohibition or proceeding to trial." *State v. McGill*, 230 W.Va. 85, 88, 736 S.E.2d 85, 88 (2012) (footnote omitted), *see State v. Legg*, 207 W.Va. 686, 690 n.7, 536 S.E.2d 110, 114 n.7 (2000), relying on Justice Cleckley's concurrence in *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995). Similarly, petitioner in the instant matter admitted that he had committed the felonies set forth in the plea agreement and agreed that the two convictions

2

were sufficient for the circuit court to impose a life recidivist sentence. Thus, he failed to preserve this argument for appellate review.

III.

The second assignment of error set forth by petitioner is his contention that the circuit court erred in ruling that petitioner's chosen counsel had a conflict of interest and thereby denied petitioner his right to counsel of his choice and his constitutional right to effective assistance of counsel during recidivist proceedings. Petitioner argues that he originally retained Michael T. Clifford as counsel on the recidivist information. The State made a motion to disqualify Mr. Clifford as counsel, which motion was granted by the circuit court. The State argues that it was not error for the circuit court to refuse to permit Mr. Clifford to appear on behalf of petitioner. The basis for the State's motion to disqualify Mr. Clifford was the fact that Mr. Clifford was Kanawha County Prosecutor at the time of the alleged assault for which petitioner was prosecuted. As prosecutor, Mr. Clifford declined to permit the Kanawha County Prosecutor's Office to proceed, as evidenced by a letter to federal authorities. Therefore, the indictment was not returned until after Mr. Clifford left that office, and the indictment was signed by then prosecutor, William Charnock. The State, therefore, argues it was not an abuse of discretion for the trial court to disqualify Mr. Clifford.

"Under the *Code of Professional Responsibility*, a lawyer may be disqualified from participating in a pending case if his continued [participation] would give rise to an apparent conflict of interest or appearance of impropriety based upon that lawyer's confidential relationship with an opposing party." Syl. Pt. 3, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W.Va. 148, 697 S.E.2d 740 (2010) (quoting Syl. pt. 2, *State ex rel. Taylor Associates v. Nuzum,* 175 W.Va. 19, 330 S.E.2d 677 (1985)). Further, Rule 1.11(a) of the Rules of Professional Conduct states: "Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. . . ."

> "A circuit court, upon motion of a party, by its inherent power to do what is reasonably necessary for the administration of justice, may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as clearly to call in question the fair or efficient administration of justice. Such motion should be viewed with extreme caution because of the interference with the lawyer-client relationship. Syl. Pt. 1, *Garlow v. Zakaib*, 186 W.Va. 457, 413 S.E.2d 112 (1991)." Syllabus point 2, *Musick v. Musick*, 192 W.Va. 527, 453 S.E.2d 361 (1994).

Syl. Pt. 3, *State ex rel. Michael A.P. v. Miller*, 207 W.Va. 114, 529 S.E.2d 354 (2000). Further, "[i]n determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *State ex rel. Jefferson Cnty. Bd. of Zoning Appeals v. Wilkes*, 221 W.Va. 432, 440, 655 S.E.2d 178, 186 (2007) (quoting *U.S.*

*v. Clarkson*, 567 F.2d 270, 273 n.3 (4ᵗʰ Cir. 1977)). Under the facts of this case, it is clear that Mr. Clifford had prior involvement in this matter when serving as prosecutor such that the circuit court properly disqualified him from representing petitioner in the same case.

IV.

Petitioner's third assignment of error is his claim that there was insufficient evidence as a matter of law to sustain the jury's verdict of malicious assault. Petitioner argues that the jury's verdict must have been based on a misapprehension of the law and/or inflamed passions or prejudices caused by the trial court's erroneous skewing of the presentation of evidence in favor of the State.

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. McFarland,* 228 W.Va. 492, 721 S.E.2d 62 (2011).

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *McFarland*; Syl. Pt. 7, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). West Virginia Code § 61-2-9(a) provides that if a person maliciously causes a person bodily injury with the intent to maim, disfigure, disable, or kill, that person is guilty of a felony. Petitioner states that Mr. Leonard, the victim, testified that he was hit once in the face, fell to the ground, and blacked out. Petitioner admitted striking Mr. Leonard. However, petitioner contends that the State failed to prove beyond a reasonable doubt that petitioner had the requisite specific and malicious intent to maim, disfigure, disable, or kill Mr. Leonard, as he asserted defense of another at trial. The jury heard all of the evidence, made its credibility determination, and found petitioner guilty of malicious assault based on the evidence presented at trial. Specifically, Mr. Leonard and Mr. McKinnon testified that petitioner struck Mr. Leonard without provocation,

4

leading to Mr. Leonard's injuries. It was reasonable for the jury to find the requisite intent based upon the actions and resulting injuries. Based on the record before this Court, we find that petitioner failed to meet the heavy burden needed to establish that the evidence presented to the jury was insufficient to support his conviction.

V.

The fourth assignment of error is a compound assignment of error related to pre-trial continuances and evidentiary rulings made throughout trial. Petitioner claims that the circuit court denied petitioner his Sixth Amendment constitutional right to confront his accuser during cross-examination of the accuser. Petitioner was indicted by grand jury in May of 2005 with the trial of the malicious assault charge scheduled to begin on August 22, 2005. However, the State moved for a continuance on the grounds that Mr. Leonard was unavailable due to a previously scheduled vacation. The State's motion was granted over the objection of petitioner. Mr. Leonard continued to be unwilling to appear and testify at trial. Petitioner offered to compromise with the State and take a video deposition of Mr. Leonard, who was then residing outside of West Virginia, but the State did not accept that offer and moved for the second continuance. Petitioner was incarcerated while awaiting trial. Petitioner argues that the circuit court abused its discretion by denying petitioner's right to a speedy trial in violation of the West Virginia Constitution and West Virginia Code § 62-3-21, as the trial took place outside of three terms of court from the indictment, said trial beginning on April 12, 2006. During trial, petitioner claims he was prejudiced because the trial court refused to allow him to cross-examine Mr. Leonard as to why he did not want to pursue the charges against petitioner. Petitioner was also critical of the circuit court's decision to permit the introduction of evidence of a prior heroin conviction to impeach the credibility of Mr. McClaskie, petitioner's companion at the time of the incident. He claims that as a result of the ruling on the admissibility of such evidence, petitioner chose not to call Mr. McClaskie as a witness. In addition to the other evidentiary issues, petitioner argues that the circuit court erred in allowing the admission of evidence during the State's cross-examination of petitioner that petitioner had been trained in boxing, martial arts, and weight lifting, despite petitioner's objections to this evidence as outside the scope of direct examination.

The docket sheets for this matter reveal that the first continuance complained of by petitioner (from August until October of 2005) constituted one term of court. The second complained of continuance (from January until April of 2006) was within the same term of court. Thus, the State did not violate the three-term rule. Petitioner was detained on a federal hold and was released from jail in November of 2005.[1] Therefore, the continuance of the trial in this matter had no impact on the length of time petitioner was detained in jail prior to trial. Further, "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979). In this case, the

---

[1]At the August 16, 2005, pre-trial hearing, counsel for petitioner admitted that while petitioner was in state custody, if the state case had been dismissed on that date, petitioner would have been returned to federal custody. Petitioner was to remain in federal custody until November 18, 2005.

5

State demonstrated good cause as to why the continuances were necessary. Thus, we find that the circuit court did not abuse its discretion in granting the continuances requested by the State.

"A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." *State v. Berry*, 227 W.Va. 221, 225, 707 S.E.2d 831, 835 (2011) (quoting Syl. pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)). With regard to the circuit court's ruling that the State could introduce Mr. McClaskie's heroin conviction as impeachment evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence, we have held:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310-311, 470 S.E.2d 613, 629-630 (1996) (citations and footnotes omitted). It is undisputed that Mr. McClaskie was convicted in federal court for conspiracy to distribute heroin. The circuit court ruled that this evidence could be used for impeachment purposes, which is a legitimate purpose for the admission of such evidence. Finally, the circuit court found that the admission of such evidence is more probative than prejudicial, as jurors could find Mr. McClaskie's felony conviction for conspiracy to distribute heroin may have impacted his credibility as a witness. The circuit court performed the proper analysis and did not abuse its discretion in permitting the State to introduce evidence of Mr. McClaskie's felony heroin conviction for impeachment purposes.

Rule 611(a) of the West Virginia Rules of Evidence states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

During the trial of this matter, the circuit court made rulings regarding the relevancy and admissibility of testimony regarding Mr. Leonard's appearance in court and petitioner's training and background in physical activities. To the extent these determinations may have been in error, we find the same to be harmless error under the facts of this case.

VI.

Petitioner's fifth assignment of error is his claim that he received ineffective assistance of counsel at trial, sentencing, and throughout recidivist proceedings. As we have previously stated:

6

"It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 10, *State v. Hutchinson,* 215 W.Va. 313, 599 S.E.2d 736 (2004). Petitioner has not shown this to be one of the "extremely rare" cases in which this Court should address ineffective assistance of counsel on direct appeal. Therefore, this Court declines to address this assignment of error.

## VII.

The sixth and final assignment of error asserted by petitioner is cumulative error. Petitioner argues there were numerous errors which occurred during his trial on the malicious assault charge that prevented petitioner from receiving a fair trial. Petitioner also reiterates some of his arguments set forth relative to the other assignments of error. Cumulative error can be found "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of the errors standing alone would be harmless error." Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). After review, this Court has found no legal or factual basis supportive of any of the alleged assignments of error. Having failed to find numerous errors, we conclude that the cumulative error doctrine is not applicable.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

7