# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0207** (Logan County 12-F-95)

**Jerry Godby,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jerry Godby, by counsel Brian R. Abraham, appeals the circuit court's denial of his motion for alternative sentence related to his conviction for voluntary manslaughter. Respondent the State of West Virginia, by counsel Robert D. Goldberg, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested and charged with first degree murder on May 17, 2011, for the death of his wife, Delores Godby. Ms. Godby died of a single gunshot wound after a shooting in the marital residence. During petitioner's initial and subsequently recorded second interview, petitioner maintained that his actions were in self-defense when his wife attacked him with a beer bottle. The record shows that a beer bottle was discovered next to Ms. Godby's body during the crime scene investigation. However, petitioner did not allege that the victim threatened his life or threatened him with deadly force. Instead, he told officers that once he retrieved the gun and pointed it at Ms. Godby, he told her to back off. She asked if petitioner was going to shoot her and reportedly drew the bottle back and moved toward petitioner. Petitioner is unsure how the gun went off. Petitioner's toxicology screen revealed a blood alcohol concentration of .08%.

During the trial, evidence was presented that Ms. Godby suffered from a long history of mental illness and was, at the time of her death, taking several medications and was under the influence of alcohol. Her toxicology screen showed a blood alcohol concentration between .14 and .17%. Additional evidence showed that police had been to the residence several weeks prior to respond to an alleged assault by Ms. Godby upon petitioner. Photographic evidence was shown at trial of the injuries allegedly sustained by petitioner in that incident. At the conclusion of the State's case-in-chief, petitioner moved for a judgment of acquittal, which was denied. At the close of petitioner's case-in-chief, he again moved for a judgment of acquittal. That motion was also denied.

1

The jury was instructed on the elements of first degree murder, along with the lesser included offenses of second degree murder, voluntary manslaughter, and involuntary manslaughter. The jury was also instructed as to the defense of self-defense and the use of deadly force by an occupant attacked in his or her own home. Further, the jury was instructed on the theory of imperfect self-defense. The jury received the case for consideration, and after approximately four hours sent a note to the judge indicating that they were deadlocked at nine to three. The circuit court summoned the jurors from their deliberation and advised them to return to the juror room for the purpose of deciding whether to remain later into the evening or return the next morning. Shortly thereafter, the jurors returned with a verdict, finding petitioner guilty of voluntary manslaughter. Petitioner then filed a motion for a new trial, and that motion was denied by the circuit court by order entered February 14, 2013. In that order, petitioner was sentenced to a determinate period of six years in the penitentiary for voluntary manslaughter, a lesser included offense of first degree murder. Petitioner's motion for an alternative sentence was denied, and petitioner received credit for time served.[1]

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands. Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

Petitioner asserts two assignments of error in this appeal. First, he argues that the circuit court erred by refusing to grant a judgment of acquittal at the close of the State's case-in-chief and again at the close of all evidence. He argues that there were no material facts in issue as to petitioner's innocence for the offense of first degree murder, pursuant to West Virginia Code § 61-2-1, and no conviction for any charge could be sustained given the weight of the evidence. Petitioner argues that his wife was heavily intoxicated from a combination of alcohol and prescription drugs at the time of her death. He contends that he had been physically attacked by the victim over a period of years and that on the night in question, he was defending himself from another attack. Petitioner asserts that because the element of malice aforethought was missing from the State's own theory, the circuit court should not have allowed consideration of the charge of first degree murder, as charged in the indictment. He also argues that the State should not have been able to suggest that the jury infer from the circumstances that the use of a firearm and death alone resulted in malice aforethought. Petitioner claims that without this inference, he would have been acquitted.

"A motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed. 1993)). In addition,

---

[1]According to the State, petitioner's next parole hearing is April 1, 2015, and his discharge date is May 26, 2015.

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011); Syl. Pt. 7, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011).

In this case, the jury heard all of the testimony and evidence and concluded that petitioner was guilty of voluntary manslaughter, a lesser included offense of first degree murder. Petitioner never denied that he shot the victim in the chest after an altercation or that the shot resulted in her death. There was no evidence suggesting that the victim ever threatened petitioner's life or acted in a manner designed to inflict serious bodily harm. While the police had been to the residence on one prior occasion, the officer testified during the trial that he did not see any injuries to petitioner at that time and that he found Ms. Godby sleeping on the couch. Here, the officers conducted their investigation, and a grand jury found sufficient evidence to indict petitioner on the charge of first degree murder. Reviewing the testimony and evidence in the light most favorable to the State, we find that the circuit court did not err in allowing the jury to consider the charge of first degree murder. Further, we will not set aside the jury verdict in this matter because there was evidence from which the jury could find guilt beyond a reasonable doubt for the lesser included offense of voluntary manslaughter.

Petitioner's second assignment of error is that the circuit court erred by failing to properly instruct the jury after it was notified that the jurors were deadlocked and further that the jury improperly deliberated the facts of the case after being instructed by the court to deliberate only as to whether they wished to remain later in the day or return the next day to conduct deliberations. During deliberations, the jurors sent a note to the circuit court which said, "We are deadlocked at 9-3. I don't know what to do. We are not making any progress." The circuit court brought the jurors to the courtroom and said, "I'm going to pose a question and you can go back and discuss. Do you feel you can arrive at a verdict without further deliberations, perhaps tonight, or even perhaps tomorrow morning? So go back in the jury room and discuss that question and then let us know when you are ready to come out and advise us on that." Shortly thereafter, the jury notified the circuit court that it had reached a verdict. In support of his contention of error, petitioner points to the circuit court's inclusion in the record of a jury vote record that appears to show a vote count of nine to three for not guilty. Petitioner argues that the outcome alone is evidence of the prejudicial nature of the failure of the circuit court to give a proper instruction. He asserts that the prejudice is further compounded by the fact that the jury disregarded the circuit court's specific instruction and resumed deliberations.

3

Whether a trial court's instructions constitute improper coercion of a verdict necessarily depends upon the facts and circumstances of the particular case and cannot be determined by any general or definite rule. It is generally held that when a jury is unable to agree on a verdict, it is within the trial court's discretion to urge an earnest effort to agree, so long as the jurors are free to act without any form of coercion by the trial court.

*State v. Hobbs*, 168 W.Va. 13, 37, 282 S.E.2d 258, 272 (1981) (internal citations omitted). As in *Hobbs*, the instruction given by the circuit court constituted a fair and reasonable effort to stimulate continued deliberations. The circuit court left it up to the jury to determine if the jurors would continue deliberations that day or wait to resume deliberations the following day. It is apparent from the record that the jurors made the decision to resume deliberations without notifying the circuit court, and they were able to reach a verdict. Thus, we find that the circuit court's instruction to the jury did not coerce the verdict in this case.

It is clear from the record in this matter that the sentence imposed by the circuit court was within statutory limits and was not an abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis