## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)    No. 13-0649** (Marion County 12-F-90)

**Steven Jacob Dukes aka Steven Young,**
**Defendant Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Steven Jacob Dukes aka Steven Young, by counsel W. Chad Noel, appeals two orders of the Circuit Court of Marion County, both entered on April 2, 2013, denying his post-trial motions for judgment of acquittal following his criminal trial and post-trial motions relating to his recidivist trial. The State of West Virginia, by counsel Scott E. Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012 members of the West Virginia State Police Bureau of Criminal Investigations and the Marion County Sheriff's Department were involved in the investigation of suspected drug trafficking in the Marion County area. They received information that petitioner was involved in distributing heroin. While awaiting the issuance of a search warrant for the home of Christine Swindler, who had unknowingly participated in a controlled buy, the officers observed a vehicle pull up to Swindler's home, an individual enter the home, and then the same individual leave the home approximately five minutes later. After the warrant was obtained and Swindler's home searched, Swindler indicated that she wished to cooperate and stated that the individual who had just left the home was her supplier. She gave them petitioner's name, the vehicle he drives, a description of him, his address, and his place of employment. At the direction of the police, Swindler made an unrecorded call to petitioner, allegedly to ask him to her residence in order for her to pay him some money owed to him and for him to deliver more heroin. He was observed leaving his home and driving toward Swindler's home. Based on the information ascertained from Swindler and their knowledge of a valid warrant for petitioner's arrest due to a probation violation in Maryland, police conducted a traffic stop of petitioner and his vehicle. He was searched and several bundles of heroin were found in the hooded shirt he was wearing.

1

Petitioner was indicted in June 4, 2012, on one count of possession of a controlled substance (heroin) with intent to deliver. On July 20, 2012, petitioner filed a motion in limine to suppress the evidence obtained from the stop and search of his vehicle and the subsequent search of his residence. This motion was denied by order entered on August 10, 2012. Petitioner proceeded to trial on August 15, 2012. At trial, the officers testified as to the surveillance of Swindler's home and as to their knowledge of the telephone call. Swindler testified that petitioner would give her heroin to sell, charging her fifteen dollars per "hit" and that she would resell it for twenty-five dollars per "hit." When she was out of heroin, she would text him "good" to let him know to deliver more. She also testified as to the events that led to petitioner's arrest. He was found guilty by jury after a two-day trial.

On August 27, 2012, petitioner filed his post-trial motions, which were denied after a hearing held on March 19, 2013. The post-trial motions were for a new trial on the ground that the verdict was against the weight of the evidence, and for judgment of acquittal. The order denying the motions was entered on April 2, 2013.

The State filed a recidivist information on September 21, 2012, seeking enhancement of petitioner's sentence based on three prior convictions: the instant conviction of possession of a controlled substance; a December 20, 2000, felony conviction on one count of possession of a deadly weapon by a prohibited person; and, an April 30, 1992, felony conviction in North Carolina on one count of possession of cocaine. On February 11, 2012, the jury returned a verdict finding that petitioner was twice or more previously convicted of crimes punishable by penitentiary confinement as alleged in the recidivist information. On that same date, petitioner filed post-trial motions in the recidivist case, which were denied by order entered on April 2, 2013. Petitioner was sentenced on March 19, 2013, to a life sentence with credit for time served. Petitioner appeals from this conviction.

First, petitioner argues that the circuit court erred in denying his post-trial motions because he is entitled to a new trial on the basis that the weight of the evidence adduced at trial as to the element of "intent to distribute" weighed so heavily against the eventual verdict that it would be unjust not to grant him a new trial. Petitioner also argues that his motion for judgment of acquittal pursuant to Rule 29 of the West Virginia Rules of Criminal Procedure should have been granted as the evidence regarding his "intent to distribute," even viewed in a light most favorable to the verdict, was insufficient. Specifically, he argues that the informant was not credible because she is an admitted drug user and seller.

"A motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed. 1993)). In addition,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury

might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011); Syl. Pt. 7, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). In this case, petitioner did not meet his burden in showing that there was insufficient evidence to sustain his conviction. A claim on appeal that the testimony is not credible does not sustain petitioner's burden of showing insufficient evidence, as the jury is charged with determining the credibility of the witnesses and the evidence. We find no error in the circuit court's denial of petitioner's motion for a new trial and/or for judgment of acquittal.

Petitioner next argues that the circuit court erred in denying petitioner's post-trial motions in that the admission of petitioner's own statements regarding his prior criminal activity, made to the trial court's probation officer during the pre-sentence investigation, should have been excluded in light of the circumstances. Petitioner argues that the statements were made while he was already in custody and in the absence of any caution or advisement of his constitutional rights. During the recidivist trial, there was testimony from the probation officer that petitioner had several prior criminal charges, and petitioner argues that this testimony was prejudicial. A pre-sentence investigation is mandatory after a conviction unless waived by a defendant or found unnecessary by the trial court. *See State ex rel. Simpkins v. Harvey,* 172 W.Va. 312, 305 S.E.2d 268 (1983). In this case, petitioner was not compelled by coercion to make a statement, and his cooperation in the pre-sentence investigation was not mandatory. Furthermore, this Court has found that

> a probation officer need not give in-custody probationers *Miranda* warnings prior to questioning the probationer because we do not perceive that continuation of an ongoing dialogue between probationer and probation officer, notwithstanding that it happens to be conducted in a jail, constitutes the police-dominated interrogation that *Miranda* warnings were designed to prevent.

*Hughes v. Gwinn*, 170 W.Va. 87, 90, 290 S.E.2d 5, 8-9 (1981). Importantly, the information regarding petitioner's prior convictions is also a matter of public record. Therefore, we find no error in the admission of petitioner's statements to the probation officer and no error in the circuit court's denial of petitioner's post-recidivist trial motions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II