# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-1088** (Berkeley County 12-F-280)

**Christopher M. Jensen,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner, Christopher M. Jensen, by counsel Benjamin M. Hiller and Don M. Wyre, appeals his convictions for sexual assault and sexual abuse by a parent, guardian, custodian, or person in a position of trust, and the denial of his post-trial motion for judgment of acquittal. Respondent State of West Virginia, by counsel Cheryl K. Saville, responds in support of the convictions and the circuit court's post-trial order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, W.T. was four years old and his brother, J.T., was three years old. Their mother, S.T., asked petitioner, then sixteen years old, to babysit the boys while she went to dinner with friends.[1] When she returned, S.T. noticed that decorative bathroom towels were covered in ketchup. In early 2012, W.T. went to his parents and told them that he never wanted petitioner to babysit again. Due to the gap in time between petitioner babysitting the boys and the discussion, the parents asked why. W.T. and J.T. then told their parents that petitioner had taken the boys into the bathroom one at a time, locked the doors, blindfolded them, covered his penis with ketchup, and put his penis into each boy's mouth. At the time the parents learned of the criminal conduct, petitioner was twenty years old.

A juvenile petition was filed in the Circuit Court of Berkeley County due to petitioner's age at the time of the offenses. A motion to transfer petitioner to the adult jurisdiction was made by the State, and a full hearing was held. During the hearing, the circuit court granted the State's motion and transferred petitioner. Petitioner was indicted by the grand jury on October 18, 2012, on two felony counts of sexual assault in the first degree and two felony counts of sexual abuse

---

[1] Due to the sensitive facts involved in this case, we refer to the children and their family members by their initials. *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

by a parent, guardian, custodian, or person in a position of trust. Following a trial by jury beginning on February 5, 2013, petitioner was acquitted of sexual assault in the first degree regarding J.T. Petitioner was, however, found guilty of sexual assault in the first degree regarding W.T. and two felony counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, one for each of the boys.

On February 15, 2013, petitioner filed post-trial motions for a new trial and for judgment of acquittal. On February 28, 2013, the circuit court ordered petitioner delivered to the custody of the Division of Corrections for the purpose of examination, diagnosis, and classification for a period not to exceed sixty days, pursuant to West Virginia Code § 62-12-7a. The circuit court considered the pre-sentence investigation report, the diagnostic evaluation, and the evidence presented at the sentencing hearing and sentenced petitioner to serve an indeterminate sentence of not less than fifteen years nor more than thirty-five years of incarceration for the first degree sexual assault conviction. Petitioner was further ordered to serve an indeterminate sentence of not less than ten nor more than twenty years of incarceration pursuant to each of his convictions for sexual abuse by a parent, guardian, custodian, or person in a position of trust. The sentences were ordered to run consecutively to one another for an aggregate sentence of thirty-five to seventy-five years of incarceration. Petitioner was further sentenced to fifty years of supervised release and required to register as a sexual offender for his lifetime. The circuit court also denied petitioner's post-trial motions. Petitioner appeals from that order, in addition to rulings made by the circuit court prior to and during trial.

On appeal, petitioner asserts six assignments of error. First, petitioner asserts that the circuit court erred in denying his post-trial motion for judgment of acquittal. Petitioner argues that the State did not present sufficient evidence to meet its burden of proof for count two of the indictment – sexual abuse by a parent, guardian, custodian, or person in a position of trust of J.T. He contends that the evidence presented by the State was manifestly inadequate and that his conviction for this count is wholly unwarranted. In support of his contention, petitioner points to the fact that the jury acquitted him of first degree sexual assault of J.T. He also argues that J.T.'s use of the pronoun "us," rather than "me," when he said that "Michael made us suck his weenie" demonstrates that J.T. was simply agreeing with W.T.'s version of events.

"A motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). Further,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are

2

inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland,* 228 W.Va. 492, 721 S.E.2d 62 (2011); Syl. Pt. 7, *State v. White,* 228 W.Va. 530, 722 S.E.2d 566 (2011). In this case, petitioner did not meet his burden to show that there was insufficient evidence to sustain his conviction. There was undisputed evidence that J.T. was left in the care, custody, and control of petitioner for one evening in November of 2007. W.T. testified that while petitioner was babysitting them, petitioner called J.T. into the bathroom and locked both doors to block W.T.'s entry into the room. W.T. further testified that when petitioner opened the door, he witnessed J.T. sitting on the bathroom counter with ketchup on the counter. He testified that petitioner then blindfolded W.T., put ketchup on petitioner's penis, and petitioner put his penis in W.T.'s mouth. J.T. testified that petitioner made the boys "suck his weenie," and the boys' mother, S.T., testified that the evening petitioner babysat the boys, she observed an empty ketchup bottle in the kitchen and that her decorative towels in the bathroom were covered in ketchup. In relevant part, the West Virginia Code defines sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child as follows:

> If any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony. . . .

W.Va. Code § 61-8D-5(a), in part. Despite petitioner's argument to the contrary, by definition, a finding that he engaged in sexual abuse by a parent, guardian, custodian, or person of trust to a child does not require a finding that petitioner sexually assaulted J.T. When viewing the evidence in the light most favorable to the prosecution, it is clear there was sufficient evidence on which the jury could base a finding of guilt for this charge. For this reason, we find that the circuit court did not err in denying petitioner's post-trial motion for judgment of acquittal.

Petitioner's second, third, and fourth assignments of error all concern evidence regarding Z.W., an unrelated child, admitted at trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Therefore, they will be addressed together. Those assignments of error are as follows: that the circuit court abused its discretion when it admitted Rule 404(b) evidence related to Z.W. because it failed to properly follow the standard for admission established by *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994); the circuit court abused its discretion when it allowed the admission of the Rule 404(b) evidence because the State failed to identify a proper, relevant purpose for its admission; and the circuit court abused its discretion when it allowed the admission of the Rule 404(b) evidence to show lustful disposition because it failed to perform the requisite analysis according to *McGinnis* and *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Z.W. testified that in March or April of 2008 when he was four years old, petitioner sexually assaulted him while petitioner was babysitting Z.W.

Petitioner contends that the circuit court failed to properly conduct the Rule 403 balancing test and that the use of the Rule 404(b) evidence was prejudicial to petitioner because

the State dedicated much of its resources to proving the Rule 404(b) evidence, including discussing the evidence in its opening and closing statements. Therefore, petitioner argues that he was prejudiced by the circuit court's failure to properly instruct the jury on the other purposes for which they could consider the Rule 404(b) evidence.[2]

Petitioner also argues that there was substantial confusion and difficulty in applying Rule 404(b), particularly because such evidence is intuitively powerful and useful. He contends that intent is not an element of the indicted charges, so it was an unnecessary and irrelevant purpose for the introduction of such evidence. Petitioner further argues that assuming intent was relevant, the State never demonstrated how the Rule 404(b) evidence would show petitioner's intent for the indicted charges. He asserts that the State failed to identify a relevant fact or issue or demonstrate how the Rule 404(b) evidence would be used to prove a relevant and necessary fact involving motive. Petitioner contends that the State and circuit court failed to identify what relevant fact or issue would be proven with regard to opportunity. In addition, he argues that the admission of such evidence to show lack of mistake or accident was prejudicial error because it was irrelevant and unnecessary. He also argues that the lack of mistake or accident is not a conceivable fact or issue that petitioner would place in contention. Petitioner's final argument with regard to the Rule 404(b) evidence relates to lustful disposition; he argues that the circuit court failed to conduct the analysis required by *Edward Charles L.*, 183 W.Va. at 650-51, 398 S.E.2d at 132-33.

West Virginia Rule of Evidence 404(b) permits the introduction of evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, evidence of such other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. *Id.* Pursuant to *McGinnis*, "[b]efore admitting the evidence, the trial court should conduct an *in camera* hearing . . . If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted." Syl. Pt. 2, in part, *id.*, 193 W.Va. at 151, 455 S.E.2d at 520. Further,

> [c]ollateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. . . .

Syl. Pt. 2, in part, *Edward Charles L.*, 183 W.Va. at 643, 398 S.E.2d at 125.

---

[2] Petitioner also alleges that the circuit court failed to properly instruct the jury regarding the Rule 404(b) evidence because the instruction did not include the specific, precise purpose the jury was to take into consideration during their deliberations. However, the assignment of error is specific to the admission of the evidence, rather than the circuit court's instruction. Because petitioner failed to set forth an assignment of error that includes this allegation, we find that petitioner has waived this argument. *See Holcomb v. Ballard*, 232 W.Va. 253, __ n.8, 752 S.E.2d 284, 286 n.8 (2013).

4

The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. Jonathan B.*, 230 W.Va. 229, 236, 737 S.E.2d 257, 264 (2012) (quoting *State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996)).

In this matter, the State filed two notices of intent to use Rule 404(b) evidence. During the January 28, 2013, *McGinnis* hearing, the circuit court heard evidence from Z.W., Z.W.'s mother, a law enforcement officer, and a witness to whom petitioner had admitted having sexual contact with Z.W. After considering the evidence, the circuit court entered its order in February of 2013, finding that evidence related to Z.W. was relevant for the purposes set forth in those notices. The notice of intent filed in January of 2013 stated that the State intended to introduce evidence that petitioner sexually assaulted Z.W., setting forth that the evidence was relevant to show petitioner's intent to commit the acts upon J.T. and W.T., his lack of mistake or accident on the part of petitioner and the victims, and petitioner's opportunity to commit the crimes. The notice further stated that the evidence was relevant and probative to show petitioner's intent or lustful disposition toward children. The State also set forth in the notice that petitioner's sexual preference for young children was relevant and probative to demonstrate petitioner's intent to commit the crimes. The State contended that the evidence was relevant and probative to show opportunity and/or modus operandi since petitioner was babysitting the children when the crimes were committed in the children's homes. In the February order, the circuit court also found that the acts alleged by the State to have occurred against Z.W. in early 2008 did occur and that petitioner committed those acts. Based upon our review of the record, we do not find clear error by the circuit court related to that factual determination.

The State provided ample reasons for the admission of the Rule 404(b) evidence in its notices. The circuit court heard testimony from witnesses regarding the acts against Z.W. The fact that petitioner was babysitting J.T., W.T., and Z.W. in late 2007 and early 2008 when the sexual acts occurred clearly demonstrates a number of purposes permitted under Rule 404(b) and our relevant cases, including modus operandi and lustful disposition toward young children. The circuit court also pointed to the similarities in the sexual activities petitioner engaged in with the children, as all of the children alleged that petitioner made them perform oral sex on petitioner. Based on the record before this Court, particularly the transcript of the January 28, 2013, hearing and the circuit court's resulting order, we find that the circuit court did not err in finding a legitimate purpose for the admission of the Rule 404(b) evidence related to Z.W.

Further, we find that the circuit court did not abuse its discretion by concluding that the Rule 404(b) evidence was more probative than prejudicial. Rule 403 of the West Virginia Rules of Evidence states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, in addition to other factors. However, we have found that "[i]n reviewing the admission

of Rule 404(b) evidence, we review it in the light most favorable to the party offering the evidence, . . . maximizing its probative value and minimizing its prejudicial effect." *Jonathan B.*, 230 W.Va. at 236, 737 S.E.2d at 264 (quoting *McGinnis*, 193 W.Va. 147, 159, 455 S.E.2d 516, 528). In the instant case, the circuit court properly considered the evidence before it and found that the Rule 404(b) evidence was more probative on the issue of intent, motive, or lustful disposition and outweighed the prejudicial value. Therefore, we find no merit to petitioner's second, third, and fourth assignments of error.

Petitioner's fifth assignment of error is that the circuit court abused its discretion in allowing the introduction of statements made by petitioner to M.S. because the statements were not intrinsic to the crimes charged.[3] During the February 4, 2013, pre-trial hearing, the circuit court heard argument regarding the admissibility of each statement set forth in an affidavit by M.S. and found the statements at issue to be intrinsic to or admissions to the crimes charged, but petitioner disagrees with those findings. Petitioner argues that the statements should not have been admitted before the jury, as the statements were reportedly made five years after the alleged crimes, were not causally connected to the crimes, and were not illustrative of the crimes charged. He contends that the only connection the statements had with the crimes was the manner in which to receive oral sex, namely by putting food on one's penis. As the State points out, the circuit court did not permit the admission of all of M.S.'s statements, instead excluding one statement, holding its decision on admissibility in abeyance for one statement, and holding that one statement could only be admitted for purposes of rebuttal. Further, the State agreed not to introduce testimony related to one incident. The circuit court found that the statement that petitioner once obtained oral sex by putting food on his penis could be seen as an admission to one of the charged offenses, so it did not fall within the restrictions of Rule 404(b). With regard to petitioner's statement that while two children were accusing him of abuse he was sure there would be more, the court found this statement to be an admission of guilt or a statement showing a consciousness of guilt by petitioner. The court also considered petitioner's statement that he was not worried because he would only get probation due to his age as an admission of guilt or a statement showing consciousness of guilt by petitioner. The court found that the probative value of each of these statements outweighed the danger of unfair prejudice to petitioner.

> In determining whether the admissibility of evidence of "other bad acts" is governed by Rule 404(b), we first must determine if the evidence is "intrinsic" or "extrinsic." *See United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990): "Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (Citations omitted). If the proffer fits in to the "intrinsic" category, evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof charged in the indictment. *See United States v. Masters,* 622 F.2d 83, 86 (4th Cir.1980) (stating evidence is

---

[3] According to the State's Notice of Intent to Introduce Evidence filed on January 30, 2013, M.S. was a seventeen-year-old male who met petitioner through church. In May or June of 2012, petitioner moved in with M.S.'s family and stayed there until he was removed from the home in September of 2012. While in M.S.'s residence, petitioner and M.S. shared a room.

6

admissible when it provides the context of the crime, "is necessary to a 'full presentation' of the case, or is . . . appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the "res gestae"'"). (Citations omitted). . . . [E]vidence admissible for one of the purposes specified in Rule 404(b) and *res gestae* not always is separated by a bright line. *See United States v. Cook,* 745 F.2d 1311, 1317–18 (10th Cir. 1984), *cert. denied,* 469 U.S. 1220, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985).

*State v. Dennis*, 216 W.Va. 331, 351-52, 607 S.E.2d 437, 457-58 (2004) (quoting *LaRock*, 196 W.Va. at 312 n.29, 470 S.E.2d at 631 n.29.) Here, the statements at issue included petitioner's contention that he expected more children to come forward with sexual allegations against him and that he had obtained oral sex by putting food on his penis. Therefore, we find that the circuit court did not abuse its discretion in finding that the statements are intrinsic and/or constitute admissions. Consequently, the circuit court did not abuse its discretion by allowing the admission of the statements by M.S.

Petitioner's final assignment of error is that the circuit court committed plain error when it permitted the introduction of hearsay testimony of J.T. and W.T. through their mother, S.T. Petitioner argues that S.T.'s testimony does not fall within any exception to the hearsay rule, as the statements made by J.T. and W.T. were not excited utterances made while under the stress of a startling event or condition. He also asserts that the catch-all exception to the hearsay rule fails because defense counsel was not made aware prior to trial that S.T. would offer testimony regarding the details the children relayed to her. He contends that S.T.'s statements were made to prove the truth of the matter asserted and were not presented to show why she took certain action after hearing the statements made by J.T. and W.T. Petitioner argues that the admission of this testimony was plain error because its introduction was prejudicial to petitioner and gave greater credibility to the State's witnesses.

Rule 802 of the West Virginia Rules of Evidence prohibits the admission of hearsay except as provided by the rules. Rule 803 of the West Virginia Rules of Evidence sets forth the exceptions to the prohibition against hearsay. In this case, the State asked S.T. about the circumstances surrounding her children's disclosure of abuse. She stated that W.T. reported the abuse that had been inflicted on both boys, so the State followed up by asking S.T. if she spoke with J.T. S.T. said that she had, and, without questioning from the State, began to recount what J.T. had reported to her. The State asserts that the testimony was offered for context and completeness of the story, rather than for the truth of the allegations asserted. Petitioner did not object to S.T.'s testimony at the time it was offered, so he now asserts that the plain error doctrine is applicable. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Based upon our review of the record, we cannot find that the plain error doctrine is applicable here. The State did not elicit the testimony complained of, and S.T.'s statements appear to present a chronological account of her actions after learning of the abuse allegations from W.T. In addition, the statements do not appear to have been offered for the truth of the matter asserted. Therefore, we find no merit to petitioner's sixth assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II