# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0892** (Ohio County 13-F-97)

**Terry Watts, Sr.,**
**Defendant Below, Petitioner**

**FILED**

October 16, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Terry Watts, Sr., by counsel Michael Alberty, appeals the resentencing order of the Circuit Court of Ohio County, entered on August 18, 2014, confirming his earlier conviction of two counts of uttering a forged document. Respondent State of West Virginia appears by counsel Jonathan E. Porter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on three counts of forgery and three counts of uttering, for which he was tried in December of 2013.[1] Subsequent to trial, a jury found him guilty of two of the uttering charges, but acquitted him of all other counts. He appeals that conviction, claiming error, first, in the State's failure to introduce evidence that he committed forgery and, second, in the State's failure to introduce evidence that petitioner had knowledge that the pertinent documents had been forged.[2] We decline to consider the first assignment of error inasmuch as petitioner was not convicted of forgery.

Turning to petitioner's second assignment of error, wherein petitioner argues that the State failed to present evidence that he had knowledge that the uttered documents were forged, we begin with the premise that

---

[1] This is not petitioner's first encounter with such charges. *See State v. Watts*, No. 11-1620 (W.Va. Supreme Court of Appeals, April 12, 2013)(memorandum decision).

[2] We have summarized petitioner's rather lengthy assignments of error.

1

"[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011). In addition, we have stated that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011).

Undoubtedly, the State was required to prove petitioner's knowledge in order to support the uttering conviction. West Virginia Code § 61-4-5(a) provides:

If any person forge any writing . . . or utter or attempt to employ as true such forged writing, *knowing it to be forged,* he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars.

(Emphasis supplied.) The State met its burden of proof with respect to this statute, in accordance with the standard set forth above.

Evidence presented at trial showed that a purse belonging to Jessica Harmon was stolen from a friend's car while Ms. Harmon and friends patronized a bar in Wheeling.[3] A few days after the theft of Ms. Harmon's purse, petitioner appeared at a Chase Bank branch in Wheeling

---

[3] Another individual pled guilty to using a credit card taken from Ms. Harmon's stolen purse, but denied committing vandalism or theft and told police that he got the credit card from a woman he did not know that he encountered at a convenience store.

and presented Check #129 from Ms. Harmon's account, payable to him in the amount of $900. While processing the check, however, the assistant manager learned that the account had been closed due to theft and informed petitioner "that [she] couldn't cash it and he would have to go back to Ms. Harmon to get another check because [she] couldn't cash this one." The manager testified that petitioner was calm when she related this news. The following day, petitioner presented Check #122 from Ms. Harmon's account, payable to him in the amount of $75 with "work" written in the memorandum section, to local bar owner Ronald Nixon. Mr. Nixon honored the check, and later signed the check over to his beer distributor. The following day, petitioner presented Check #123, payable to "cash" in the amount of $700 with "work" written in the memorandum section, to Mr. Nixon. Mr. Nixon gave petitioner $100 with a promise to give the remainder to petitioner after the check cleared the bank. Mr. Nixon presented the check at the Wheeling Chase Bank branch, and the bank refused to cash it. Each of the checks that petitioner presented to Mr. Nixon were dated after the check that he presented at the bank, and these two checks—Check #122 and Check #123—were the bases of the two counts of uttering for which petitioner was convicted. Given the chronology of events, the jury reasonably could have found that petitioner had knowledge of forgery after Chase Bank staff refused to honor the first check.

 For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3